UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE J. WRIGHT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-817

**REPORT AND RECOMMENDATION**

Presently before me is Plaintiff's application for attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 19.) Defendant has responded (ECF No. 23), and Plaintiff was granted leave to file a reply. (ECF Nos. 27 and 28.) Plaintiff seeks an award of fees in the amount of $3,992.63. The issue is not whether the requested amount is reasonable. Instead, because Plaintiff's motion is untimely, the issue is whether Plaintiff is entitled to equitable tolling. For the reasons that follow, I conclude that she fails to demonstrate that equitable tolling is warranted.

The Court entered the judgment reversing the Commissioner's decision and remanding the action pursuant to sentence four of 42 U.S.C. § 405(g) on December 7, 2023. (ECF No. 17.) Pursuant to 28 U.S.C. § 2412(d)(1)(B), a party seeking fees pursuant to the EAJA must apply for fees 'within thirty days of final judgment in the action[.]" A "final judgment" is defined as "a judgment that is final and not appealable[.]" 28 U.S.C. § 2412(d)(2)(G). "In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable."

*Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 42 U.S.C. § 405(g)). In this case, the appeal period expired on February 5, 2024. Fed. R. App. P. 4(a)(1)(B). Thus, Plaintiff had until March 6, 2024 to file her EAJA fee application in this case. She filed it one day late, on March 7, 2024.

In determining whether to apply equitable tolling to a given situation, a court should consider the following factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988)). Courts should apply the doctrine of equitable tolling "only sparingly," and it should thus be "available only in compelling cases which justify a departure from established procedures." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003) (internal quotation marks omitted); *see also Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (noting that equitable tolling presents "a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling'") (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

In her reply, Plaintiff cites *Moss v. Miniard*, 62 F.4th 1002, 1009 (6th Cir. 2023), for the proposition that the date of decision is the "zero point" from which the applicable deadline is to be computed. Plaintiff asserts that if that method of computation is used, it would render Plaintiff's application timely. (ECF No. 28 at PageID.913–14.) But that assertion is incorrect. Rule 6(a)(1) provides that when, as here, a period is stated in days, the day of the event is excluded. Applying this rule, the deadline was still March 6, 2024.

Next, Plaintiff cites *Walker v. Hazen*, 90 F.2d 502 (D.C. Cir. 1937), which discussed the statute of 21 Henry III in calculating how periods including a leap year should be calculated. As

2

Plaintiff concedes, however, the court rejected the argument that, under the circumstances presented, February 28th and 29th should be treated as one day. More specifically, and relevant to this case, the court said that the "statute applies only to periods measured in years, and where the period is measured in days, as in this case, the 28th and 29th of February are to be counted as two days." *Id.* at 503. *Walker* (and the statute of 21 Henry III) is of no moment here, because the periods at issue are all measured in days, not years. Moreover, Plaintiff has cited no authority for treating February 28 and 29 as a single day for a period stated in days.

Finally, apart from the foregoing arguments, Plaintiff fails to offer any persuasive argument as to why she is entitled to equitable tolling. In fact, she does not address the pertinent factors. Regardless, the *Dunlap* factors all weigh against application of tolling because there is no reasonable basis to conclude that Plaintiff lacked knowledge or notice of the filing requirement. Certainly, Plaintiff has failed to clear the high hurdle imposed on entitlement to equitable tolling by failing to cite any extraordinary circumstance preventing timely filing. When, as here, a party's failure to comply with a deadline is due to counsel's simple inadvertence or neglect, equitable tolling is inapplicable. *See Zappone v. United States*, 870 F.3d 551, 557 (attorneys' missteps that amounted to "a garden variety claim of excusable neglect" did not warrant equitable tolling); *Ward v. Comm'r of Soc. Sec.*, No. 2:20-cv-105, 2023 WL 1804825, at *2 (W.D. Mich. Jan. 23, 2023), *report and recommendation adopted*, 2023 WL 1796114 (W.D. Mich. Feb. 7, 2023) (Social Security Plaintiff not entitled to equitable tolling where counsel "inadvertently missed the deadline").

For the foregoing reasons, I recommend that Plaintiff's motion for EAJA fees (ECF No. 19) be **denied** as untimely.

Dated: April 29, 2024                                          /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              U.S. Magistrate Judge

**NOTICE TO PARTIES**

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).